# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC. TELEPHONE CONSUMER PROTECTION ACT LITIGATION<br><br>This document relates to the member cases listed on Exhibit 1 to this Order | MDL No. 2286-MMA (MDD)<br><br>**ORDER DIRECTING PLAINTIFFS IN CERTAIN INDIVIDUAL MEMBER CASES TO FILE STATUS REPORTS IDENTIFYING UNRELEASED CLAIMS OR PARTIES** |

On December 2, 2016, the Court entered its Amended Order Adopting Reports and Recommendations; Granting Final Approval of Class Action Settlement; Granting Motion for Attorneys' Fees, Costs, and Incentive Awards ("Order" for the "Settlement"). *See* Doc. No. 434.  The settlement contained a class-wide release pertaining to certain claims described therein.  *See* Doc. Nos. 281-3, 348, 432.[1]

Now that the lead Class Action is resolved, the Court intends to manage the MDL's remaining member cases, as well as those cases subsequently transferred to this

---

[1] Pursuant to the Order, certain of the MDL cases were dismissed and certain persons were named on the Order's Exhibit A as having excluded themselves from (opted out of) the Settlement.

1

Court for inclusion in the MDL, and to determine which claims in those pending cases have been disposed of by the Settlement.  Each of the cases on Exhibit 1 attached hereto involves one or more plaintiffs who did not opt out of the class settlement, and (i) asserts Telephone Consumer Protection Act ("TCPA") claims that may have arisen outside the Class Period of November 2, 2006 through August 31, 2014, inclusive, and/or (ii) asserts non-TCPA claims that may or may not be not affected by the class settlement.  A number of these cases may have been resolved, in whole or in part, by the settlement and release.  However, the proper disposition of these cases is not clear since the Court cannot determine from the face of the complaints on file in those cases whether the claims pleaded are covered by the Settlement and its Release.

Accordingly, **IT IS HEREBY ORDERED:**

**A. Plaintiffs' Status Reports:**

For each of those cases named in Exhibit 1, **within thirty (30) days of the date this Order is filed, the Court requires the plaintiff(s) in each of those cases to file a Status Report** containing the information requested below.  The Status Report must:

1. Identify all claims alleged in the complaint that plaintiffs contend are not released by the Settlement.
2. For each claim that plaintiffs contend is not released by the Settlement, identify (i) the plaintiff or plaintiffs on whose behalf the claim is asserted; (ii) the theory on which the claim is based; and (iii) if the claim is based on allegedly autodialed or prerecorded-voice calls made outside the Settlement Class Period, the dates on which the calls were made, to the extent the plaintiff possesses that information.

Lengthy submissions or citations to legal authority are not required.  However the status report must be sufficient to apprise the Court and the parties of the plaintiff's view as to which of his or her pending claims should proceed, and why they should proceed.

*Each plaintiff's status report must be filed on the docket of the individual member case and the docket of the MDL.*

**B. Defendants' Responses to Reports:**

<u>**Within sixty (60) days of the date of this order**</u>, Defendants must file a **Response to Plaintiffs' Status Reports** with the Court sorting the 41 cases listed on Exhibit 1 into three categories, based on the plaintiffs' statements.

*Defendants' response must be filed on the docket of the MDL <u>only</u>, and should not be filed on the dockets of the individual member cases.*

The categories shall be as follows.

**Category 1: Cases in which the plaintiffs have, in their Status Reports, conceded that the entire complaint is resolved by the class settlement and release.** Any plaintiff who believes his or her case was wrongly included on this list may advise the Court **within ten (10) days of Defendants' filing**, in which case Defendants will revise their lists appropriately. Once this list of individual member cases is final, Defendants must submit a separate proposed order for each individual member case, dismissing the action with prejudice.

**Category 2: Cases where Defendants contend there is <u>no dispute</u> between Defendants and the plaintiff as to which claims are released and which may proceed.** Any plaintiff who believes his or her case was wrongly included on this list may advise the Court **within ten (10) days of Defendants' filing**, in which case Defendants will revise their lists appropriately. Once this list of individual member cases is final, Defendants must submit a separate proposed order for each individual member case, dismissing with prejudice any claims that are undisputedly released. The plaintiffs and Defendants will be expected to stipulate to the Court's suggestion of remand of any remaining claims that do not arise from the alleged use of an automatic telephone dialing system ("ATDS").

**Category 3: Cases where <u>there is a dispute</u> between Defendants and the plaintiff(s) as to which causes of action are released and which may proceed.** As to cases in this category, Defendants must submit with their statement a proposed briefing schedule for resolving disputes about the release of claims. The plaintiffs in these cases

3

may submit an alternative briefing schedule if they do not agree with Defendants' proposed briefing schedule.

### C.  Further Proceedings

Once the Court determines which cases identified in Exhibit 1 will remain in the MDL, the Court will entertain motions by counsel in the remaining individual member cases, including those cases that excluded themselves from the Settlement, to appoint new lead and liaison counsel.  After the Court appoints new lead and liaison counsel, further consolidated proceedings will occur, including the entry of a Case Management Order to address, *inter alia*, the coordination of common discovery and deadlines for motion practice.

### D. Conclusion

**Plaintiffs in the individual member cases listed in Exhibit 1 who intend to pursue some or all of their pending claims must file a Status Report in response to this Order.  Failure to comply with this Order, including the filing of the required Status Report, will result in the issuance by the Court of an Order to Show Cause why Plaintiff's individual member case should not be dismissed in its entirety.**

Within three (3) business days of date this Order is filed, Liaison Counsel shall serve a copy of this Order on any plaintiffs who, as reflected on the master docket, are not currently receiving the Court's ECF notifications.

Plaintiffs in any cases transferred to the MDL after the date this Order is filed, are not bound by the terms and conditions set forth in this Order.

*The Clerk of Court is instructed to file this Order on the docket of MDL No. 2286 and the dockets of the individual member cases listed in Exhibit 1.*

**IT IS SO ORDERED**.

DATE: December 22, 2016

HON. MICHAEL M. ANELLO
United States District Judge